**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VLADIMIR LEMITE,

                            Plaintiff,

     - v -                                                   Civ. No. 9:15-CV-1230
                                                               (DNH/DJS)

ROBERT SEHLMEYER, *Correction Officer*;
JOHN DOES 1-7, *Corrections Officers*,

                            Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

VLADIMIR LEMITE
Plaintiff, *Pro Se*
*Last Known Address:*
645 South 7th Avenue
Mount Vernon, New York 10550

HON. ERIC T. SCHNEIDERMAN                CHRISTOPHER J. HUMMEL,
                                                                 ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendant Sehlmeyer
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      In May 2015, Plaintiff brought this civil rights action in the Southern District of New York, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights. Dkt. No. 2, Compl. At that time, Plaintiff was proceeding *pro se* and had been directed to file an amended complaint that complied with pleading requirements. Dkt. No. 4. Upon Plaintiff's filing of an Amended Complaint, the matter was *sua sponte* transferred to this District as a more proper venue. Dkt. Nos. 5 & 6. Upon review, the Honorable David N. Hurd, United States District Judge,

determined that the Amended Complaint was still inadequate, and directed the filing of a second amended complaint. Dkt. No. 8. Although Judge Hurd's Decision and Order was returned to the Court as "undeliverable", Dkt. No. 16, Plaintiff nevertheless enlisted the help of an attorney who drafted and filed a Second Amended Complaint. Dkt. No. 10. Upon review, Judge Hurd accepted the Second Amended Complaint as the operative pleading and directed it be served on the sole named Defendant. Dkt. No. 12.

The Plaintiff's attorney later obtained permission from the Plaintiff and the Court to withdraw from the action, and Plaintiff has since proceeded with this action *pro se*.[1] Dkt. No. 21. Following Defendant Sehlmeyer's filing of his Answer, Dkt. No. 22, a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth, *inter alia*, the deadlines for the progression of this matter, Dkt. No. 25.[2]

On November 23, 2016, Defendants filed a Motion for Summary and served a copy of the same upon the Plaintiff at his address of record. Dkt. No. 30. That same date, the Clerk of the Court sent a Notice to Plaintiff advising him that a Motion for Summary Judgment had been filed and that his response was due on or before December 19, 2016. Dkt. No. 31. That Notice, which was delivered via regular and certified mail, also informed Plaintiff of the consequences that could occur should he fail to respond to the Motion. *Id*. Plaintiff did not, however, respond to the Motion by the stated deadline.

On December 29, 2016, in reviewing the status of the case, the Court realized that while

---

[1] According to the papers in support of the Motion to Withdraw, counsel's representation was for the limited purpose of drafting and filing the Second Amended Complaint. Dkt. No. 21. Because Plaintiff consented to the withdrawal, the Court granted the Motion. Dkt. No. 24.

[2] The Order further grants Defendants permission to take Plaintiff's deposition and directs the automatic disclosure of certain discovery regarding the claims asserted by the Plaintiff. Dkt. No. 25, Attach. A.

*-2-*

Defendants' Motion papers indicated a correct return date of January 5, 2017, the Docket reflected an incorrect date of January 5, 2016. Notwithstanding the fact that the Defendants' Motion papers, which were served on Plaintiff, contained the correct dates, I nevertheless re-set Plaintiff's response deadline to January 31, 2017. Dkt. No. 32. A copy of that Order was sent to Plaintiff at his address on record by regular and certified mail along with a Notification of Failure to Respond to Summary Judgment Motion form. *Id*. On January 27, 2017, the certified mailing was returned to the Court as undeliverable with the notation "not delivered as addressed" and "unable to forward;" the copy sent by regular mail did not get returned to the Court. Dkt. No. 33.

On May 1, 2017, in light of issues surrounding Plaintiff's address and his failure to respond to Defendant's Motion for Summary Judgment, I issued an Order directing Plaintiff to provide the Court and opposing counsel with confirmation, in writing, of his present address, inform of his intentions with regard to the pending Motion for Summary Judgment, and explain why he did not respond to such Motion within the time allotted. Dkt. No. 34. That Order was served via regular mail and by certified mail, return receipt requested. *Id*. On May 12, 2017, the copy of the Order sent by regular mail was returned as undeliverable with a notation "return to sender[;] attempted - not known[; and] unable to forward." Dkt. No. 35. Whereas the certified mail was returned as undeliverable with the notation "refused[;] unable to forward." Dkt. No. 36.

To date, the Court has not received Plaintiff's response to the Defendants' Motion nor any notification that he has changed his address. In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is

grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was more than a year ago when, on April 28, 2016, the Court received his "Mandatory Disclosures." Dkt. No. 26. Absent a discovery dispute, there is no expectation that the Court would hear from the Plaintiff unless specifically prompted to do so. It is clear, however, that the address on file for Plaintiff is problematic as some documents mailed to him from the Court appear to have been received, while other, more critical ones like notifications of dispositive motions and possible dismissal, were not. And yet, there is no indication that throughout the pendency of this case, Plaintiff has made any attempt to update/confirm his address with the Court or Defendants or explain why some documents are received and others are not. Such inaction constitutes grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to

comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

As previously noted, the Court has not had any communication from Plaintiff since his filing in April 2016, and has no means by which to effectively communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the

---

[3] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[4]

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[4] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   June 13, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).